Edvin Rohelbi Perez FUENTES,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–70566.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 20, 2006.

Filed Nov. 2, 2006.

Vinay R. Chari, Esq., Law Offices of Virender Kumar Goswami, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, James E. Grimes, Esq., Jason N. Gull, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'CONNOR, Associate Justice, Retired,* and RYMER, and THOMAS, Circuit Judges.

## MEMORANDUM **

Edvin Rohelbi Perez–Fuentes ("Perez"), a native and citizen of Guatemala, petitions for review of the order of the Board of Immigration Appeals ("BIA") denying his applications for asylum, withholding of removal, and protection under the Conventions Against Torture ("CAT"). He also alleges that he was denied his Fifth Amendment right to due process of law when the Immigration Judge ("IJ") interrupted his attorney's questioning. We deny the petition for review.

### I

The BIA did not err in concluding that Perez was not denied due process of law at his hearing before the IJ. To demonstrate a due process violation arising from his removal proceeding, Perez must show that "the proceeding was 'so fundamentally unfair that [he] was prevented from reasonably presenting his case.'" *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (quoting *Platero–Cortez v. INS*,

804 F.2d 1127, 1132 (9th Cir.1986)). He also must demonstrate prejudice, which requires a showing "that the outcome of the proceeding may have been affected by the alleged violation." *Colmenar*, 210 F.3d at 971.

The IJ did not commit error by offering to accept the statements in Perez's sworn declaration as true without corroborating oral testimony, and Perez does not show how the outcome may have been affected by the presentation of further corroborating oral testimony.

### II

On the merits, we review the agency's findings of fact for substantial evidence and must uphold those findings unless the evidence compels a contrary result. *Almaghzar v. Gonzales*, 457 F.3d 915, 920 (9th Cir.2006). To establish eligibility for asylum, an alien must demonstrate a "well-founded" fear of persecution, which requires evidence that the alien holds a fear that is "both 'subjectively genuine' and 'objectively reasonable.'" *Al–Harbi v. INS*, 242 F.3d 882, 888 (9th Cir.2001) (quoting *Velarde v. INS*, 140 F.3d 1305, 1309 (9th Cir.1998)).

Substantial evidence supports the IJ's finding that Perez's fear of future persecution was objectively unreasonable. Perez did not offer any evidence that he personally suffered past persecution.

Perez asserts that he fears future persecution for his political beliefs, citing in particular (1) his critical view of the current Guatemalan government, (2) his membership in a labor union in the United States, and (3) his desire to investigate his cousin's death. The IJ found that his fear

---

* The Honorable Sandra Day O'Connor, Associate Justice of the United States Supreme Court (Ret.), sitting by designation pursuant to 28 U.S.C. § 294(a).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

of persecution was "too speculative" because he is not politically active and because he does not have concrete plans to investigate his cousin's death. After a careful review of the record, we conclude there is sufficient evidence in the record to support the IJ's conclusions. Perez admitted that he had never been politically active, and he did not belong to a labor union while in Guatemala. He did not testify that he would be targeted in Guatemala because of his current membership in the Teamsters Union in the United States, only that his union membership had taught him to be outspoken and to "fight for [his] rights." He was unable to show how his current desire to investigate his cousin's death if he returned to Guatemala would provoke persecution.

■ Perez also claims fear of persecution based on his family affiliation. There is no evidence in the record that members of the Perez–Fuentes family have, as a family, "become specific targets" of either the military or the guerillas. *See Mgoian v. INS*, 184 F.3d 1029, 1036 (9th Cir.1999). Furthermore, Perez noted that his brother and sister are currently living safely in Guatemala, which strongly supports the conclusion that Perez could live there without being targeted for his family affiliation.

Although he need not show "that persecution is more likely than not," *Al–Harbi*, 242 F.3d at 888 (citing *INS v. Cardoza–Fonseca*, 480 U.S. 421, 431, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987)), Perez must nevertheless demonstrate more than "a generalized or random possibility of persecution." *Kotasz v. INS*, 31 F.3d 847, 852 (9th Cir. 1994). He must demonstrate "that he is at particular risk—that his 'predicament is appreciably different from the dangers faced by [his] fellow citizens.'" *Id.* (quoting *Vides–Vides v. INS*, 783 F.2d 1463, 1469 (9th Cir.1986)). The record does not compel the conclusion that the agency erred in finding that his fear of future persecution was objectively unreasonable. Therefore, we must deny his petition for review of the agency's determination that he was not eligible for asylum.

■ To qualify for withholding of removal, an alien must satisfy a higher standard than that required for asylum. *Al–Harbi*, 242 F.3d at 888–89. Because Perez did not meet the standard for asylum, he did not qualify for withholding of removal.

■ Perez failed to exhaust his administrative remedies regarding his claim of relief under CAT, having failed to present that request to the BIA. Consequently, we lack jurisdiction to review that claim on a petition for review. 8 U.S.C. § 1252(d)(1); *see also Cortez–Acosta v. INS*, 234 F.3d 476, 480 (9th Cir.2000).

**PETITION FOR REVIEW DENIED.**